﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 191029-41666
DATE: January 31, 2020

ORDER

Entitlement to special monthly compensation (SMC) based on aid and attendance or housebound status is denied.

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include service connection for posttraumatic stress disorder (PTSD), is remanded.

FINDINGS OF FACT

1. The Veteran is not service-connected for any disability as of the date of the rating decision on appeal.

2. The Veteran does not have a service-connected disability rated as totally disabling and any additional service-connected disability or disabilities independently ratable at 60 percent or more, he is not permanently housebound by reasons of any service-connected disability, he is not blind, is not in a nursing home, has not lost the use of both feet, permanently bedridden, and is not in need of regular aid and attendance as a result of any service-connected disability. 

CONCLUSION OF LAW

The criteria for the award of SMC based on the need for regular aid and attendance or housebound status have not been met. 38 U.S.C. §§ 1114, 5107 (2012), 38 C.F.R. §§ 3.102, 3.350, 3.351, 3.352 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Army from July 1965 to June 1967 with service in the Republic of Vietnam. The Veteran was awarded a meritorious Bronze Star Medal. In addition, the Veteran served in the Army Reserve.

The Veteran timely appealed the September 2019 rating decision and submitted a Decision Review Request: Board Appeal Notice of Disagreement via VA Form 10182 in October 2019 seeking evidence submission review by a Veterans’ Law Judge specifically as to entitlement to service connection for PTSD and entitlement to aid and attendance. 

The Veteran initially submitted a claim for entitlement to service connection for PTSD. With respect to psychiatric disorders, a claim of service connection encompasses all pertinent symptomatology, regardless of how that symptomatology is diagnosed. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). In light of Clemons, the Board has recharacterized the issue to include entitlement to service connection for an acquired psychiatric disorder, to include PTSD.

Entitlement to SMC based on the need for regular aid and attendance or housebound status

The Veteran contends that he is eligible for SMC based on the need for regular aid and attendance or based on housebound status. SMC is payable, as relevant, if a Veteran, as the result of a service-connected disability, is with such significant disabilities as to be in need of regular aid and attendance.

SMC as provided by 38 U.S.C. § 1114 (l) is payable for anatomical loss or loss of use of both feet, one hand and one foot, blindness in both eyes with visual acuity of 5/200 or less or being permanently bedridden or so helpless as to be in need of regular aid and attendance. 38 U.S.C. § 1114 (l) (2012); 38 C.F.R. § 3.350 (b) (2018).

The following will be accorded consideration in determining the need for regular aid and attendance: inability of claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment. 38 C.F.R. § 3.352 (a) (2018).

It is not required that all of the disabling conditions enumerated in 38 C.F.R. § 3.352 (a) be found to exist before a favorable rating may be made. The particular personal functions which the Veteran is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance, not that there is a constant need. 38 C.F.R. § 3.352 (a); see also Turco v. Brown, 9 Vet. App. 222, 224 (1996) (noting that at least one factor listed in § 3.352(a) must be present for a grant of special monthly pension based on need for aid and attendance).

For the purposes of 38 C.F.R. § 3.352 (a), “bedridden” will be a proper basis for the determination of whether the Veteran is in need of regular aid and attendance of another person. “Bedridden” will be that condition which, through its essential character, actually requires that the Veteran remain in bed. The fact that the Veteran has voluntarily taken to bed or that a physician has prescribed rest in bed for the greater or lesser part of the day to promote convalescence or cure will not suffice. 38 C.F.R. § 3.352 (a).

SMC at the housebound rate may be paid if a Veteran has a single service-connected disability rated 100 percent and either: (1) has an additional service-connected disability or disabilities ratable at 60 percent, separate and distinct from the 100 percent service-connected disability, and involving different anatomical segments or bodily systems; or (2) is permanently housebound by reason of a service-connected disability or disabilities. Permanently housebound means the Veteran is substantially confined, as a direct result of a service-connected disability or disabilities, to his dwelling or the immediate premises (or, if institutionalized, to the ward or clinical areas), and it is reasonably certain that the service-connected disability or disabilities and resultant confinement will continue throughout his lifetime. 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i) (2018).

As an initial matter, the Board notes that the Veteran is not currently service-connected for any disabilities. As discussed in greater detail below, the Veteran has a claim pending for an acquired psychiatric disorder to include PTSD which is remanded below. However, he is not presently service-connected for any current disability. The Board finds that based on the evidence of record SMC based on the need for aid and attendance is not warranted. 

An April 2019 Disability Benefits Questionnaire (DBQ) Examination for Housebound Status or Permanent Need for Regular Aid and Attendance has been associated with the claims file. The private treatment provider noted the Veteran has a diagnosis of PTSD, hypertension, benign prostatic hyperplasia, allergic rhinitis, insomnia and alcoholic dementia. The primary care provider noted that the Veteran has poor balance and falls, has alcoholic dementia and continues to drink and has PTSD and depression with frequent spells of anxiety and agitation. The physician noted that the Veteran is able to feed himself, is unable to prepare his meals and needs assistance in bathing and tending to his hygiene needs. The Veteran is not legally blind. He currently requires medication management assisted by his wife and he does not have the mental capacity to manage his benefit payments. No restrictions of his upper extremities, lower extremities or of the spine, trunk or neck were noted. 

While the evidence of record indicates there were times when the Veteran was in need of aid and attendance, his need was not due to a service-connected disability.

As to whether SMC is warranted under 38 U.S.C. § 1114(s) at the housebound rate, the Veteran is not currently service-connected for any disability. Thus, the question is whether the Veteran is permanently housebound by reason of his service connected disabilities. However, as the Veteran is not currently service connected for any disabilities. Further, the evidence of record does not indicate that the Veteran is permanently housebound. 

As to granting benefits under the provisions of 38 U.S.C. § 1114 (l), the Board notes that the evidence of record does not show that the Veteran has the anatomical loss or loss of use of both feet or one hand and one foot, and he is not blind in both eyes. Consequently, the Veteran can only establish entitlement to SMC under 38 U.S.C. § 1114 (l) by showing his service-connected disabilities cause him to be permanently bedridden or so helpless as to be in need of regular aid and attendance under the criteria of 38 C.F.R. § 3.352 (a) set forth above.

In this regard, the medical evidence does not demonstrate that the Veteran requires regular aid and attendance due to his service-connected disabilities. Again, the Veteran does need assistance in preparing meals, completing some tasks relating to personal hygiene, managing his medication and finances, which are unrelated to a service-connected disability. The Veteran’s private treatment provider has noted that the Veteran needs assistance in managing his medication, preparing meals, completing his personal hygiene needs and managing his benefit payments. However, the Veteran is able to ambulate, feed himself, and reports often going on walks for exercise, he has full use of his extremities and spine. However, as noted above the Veteran is not currently service connected for any disability. On further review of the record, the Board concludes that the evidence does not show that the Veteran is permanently bedridden, or so helpless as to be in need of regular aid and attendance due to a service-connected disability. Indeed, as indicated above, the Veteran can perform his activities of daily living, albeit with some assistance.

To receive SMC a Veteran must be incapable of caring for himself due to service-connected disabilities. 38 U.S.C. § 1114 (l); 38 C.F.R. § 3.350 (b). Although there is testimony and evidence that the Veteran requires some aid and assistance because the disabilities that required him to receive aid and assistance were not service-connected entitlement to aid and attendance is not warranted. As such the Board finds that the requirements for SMC have not been.

In sum, the competent evidence of record does not indicate that the Veteran currently has any service-connected disability which would prevent him from performing any activities of daily living or render him housebound. The Veteran has not provided or identified any evidence to the contrary. See 38 U.S.C. § 5107 (a). Based on the foregoing, the Board finds that the claim for SMC based on aid and attendance or housebound status must be denied. As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).

REASONS FOR REMAND

Entitlement to service connection for an acquired psychiatric disorder to include for PTSD.

The Veteran contends that service connection is warranted for PTSD. Specifically, that his ongoing symptoms of depression, anxiety, insomnia, suicidal ideations and PTSD are due to his service in Vietnam. The Veteran was awarded the Bronze Star Medal but for meritorious and not combat service. Nevertheless, the nature and circumstance of his duties in Vietnam reasonably raise the issue of fear of hostile attack, described later by a family member in an October 2019 statement submitted during the 90 day evidence period. 

In June 2019, a VA examiner diagnosed alcohol use disorder and unspecified neurocognitive disorder that could be differentiated. The examiner inconsistently cited service in Vietnam as a stressor sufficient for category A of a diagnosis of PTSD but then found that it did not involve fear of hostile attack. Several other categories were not met. The examiner did not clearly diagnose PTSD nor provide an opinion whether the other disorders were caused by experiences in service. In October 2019, a private general practice physician provided a report of an examination and noted diagnoses of PTSD and alcoholic dementia but inconsistently checked a box indicating no mental disorder diagnosis. The physician noted that the criterion A traumatic events were unknown as the Veteran would not discuss them and referred only to dementia. 

The Board cannot make a fully-informed decision on the issue of entitlement to service connection for an acquired psychiatric disorder, to include PTSD because the VA and private examiner have not adequately opined as to direct service connection for PTSD or other mental health disorders. A VA examination in June 2019 failed to fully address direct service connection and whether the Veteran’s current symptomology is related to service. As such a remand is warranted for a supplemental VA opinion. 

The matter is REMANDED for the following action:

Obtain an adequate examination and addendum opinion from an appropriate clinician to determine the nature and etiology of any acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression, suicidal ideations, insomnia and an unspecified neurocognitive disorder. For the purposes of the examination only, the examiner may assume that the Veteran was present in Vietnam in areas where there was at least a threat of attack. The examiner should opine whether:

(a.) Identify all current acquired psychiatric disorders, under the DSM-5 criteria.

(b.) Is it at least as likely as not (a 50 percent probability or greater) that the Veteran’s PTSD is caused by traumatic events in active service?

If the Veteran is diagnosed with PTSD, the examiner must identify the stressor(s) supporting the diagnosis. The examiner should provide an opinion as to whether the Veteran’s diagnosis of PTSD is supportable solely by the stressor that has been verified or established in the record.

(c.) If the Veteran is diagnosed with any other acquired psychiatric disorder, to include major depressive disorder, insomnia or an unspecified neurocognitive disorder, is it at least as likely as not (a 50 percent probability or greater) that the Veteran’s identified acquired psychiatric disorder is caused by active service to include an in-service injury or disease? 

Review of the entire claims file is required. The examiner must provide a complete rationale for all findings and opinions, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Attention is invited to the June 2019 VA examination noting alcohol use disorder and an unspecified neurocognitive disorder. The VA examiner noted that observation and screening indicated a cognitive impairment which requires assessment by a neuropsychologist or neurologist. If necessary, an opinion should be obtained from a specialist, to include a neuropsychologist or neurologist as to any unspecified neurocognitive disorder.

(continued next page)

 

In addition, attention is invited to private treatment records noting ongoing treatment and medication management for symptoms of depression, suicidal ideations and insomnia. 

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Kardian

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.